FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2010 NOV 10 PM 2: 13

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLOR
FORT MYERS FLORIDA

UNITED STATES OF AMERICA

-vs-

MICHAEL OLAF SCHUTT

Case Number: 2:10-cr-39-FtM-36SPC

USM Number: 34860-018

James Felman, Retained
100 S. Ashley Drive, Suite 1300
Tampa, FL 33601

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Information. Accordingly, the Court has adjudicated the defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §1960 | Conducting, Controlling, Managing, Supervising, Directing, and Owning All or Part of an Unlicensed Money Transmitting Business | February 18, 2010 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 8, 2010

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

November 10, 2010

AO 245B (Rev. 3/01) Judgment in a Criminal Case

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Time Served**.

The defendant is remanded to the custody of the United States Marshal for processing.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

MICHAEL OLAF SCHUTT
2:10-cr-39-FtM-36SPC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. The Court will allow the Defendant to leave the country as he requested. The Defendant will not be supervised while he is out of the country. However, if he shall return to the country within that 3 year period of time, he must immediately report within 24 hours for the purposes of supervision.

The defendant shall not commit another federal, state or local crime.k

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 3/01) Judgment in a Criminal Case

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

MICHAEL OLAF SCHUTT  
2:10-cr-39-FtM-36SPC

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2. The defendant shall provide the Probation Officer access to any requested financial information.

3. Having been convicted of a qualifying felony offense, the defendant shall cooperate with the Probation Office in the collection of DNA as directed by the probation officer.

4. The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 (due immediately) | Waived | N/A |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

    **The Court ordered the return of the Defendant's Passports. In the event the Clerk is also holding the German Identification card, the Court also ordered the return of the German Identification card.**

    It is further ordered that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Stipulated Agreement as to the forfeiture of assets between the United States of America and the Defendant that are subject to forfeiture as follows:

a. Approximately $5,680.67 in United States currency seized from account number xxxxxxxx3940 in the name of Michael Schuett at Bank of America;

b. Approximately $142,679.86 in United States currency seized from account number xxxxxxxx9613 in the name of MCM Capital Management Corp. at Bank of America;

c. Approximately $635,097.55 in United States currency seized from account number xxxxxxxx9054 in the name of MI Global Inc. at Bank of America;

d. Approximately $664,901.28 in United States currency seized from account number xxxxxx5422 in the name of South Naples Escrow Company at Ironstone Bank;

e. Approximately 288,270.02 in United States currency seized from account number xxxxxxxxx6031 in the name of Southwest Florida Payroll Co. at SunTrust Bank;

f. Approximately $297,651.01 in United States currency seized from account number xxxxx9070 in the name of Woodhouse Systems at Regions Bank;

g. Approximately $5,345.00 in United States currency seized from account number xxxxxx5997 in the name of Mathews Trade Corp. at BB&T Bank;

h. Approximately $74,891.85 in United States currency seized from account number xxxxxx6281 in the name of South Florida Payroll Company at Iberia Bank;

i. Approximately $252,932.30 in United States currency seized from account number xxxxxx2644 in the name of Internet Payment Services Group Inc. at Royal Bank of Canada;

j. Approximately $103,050.00 in United States currency seized from account number xxxxxx6059 at Fifth Third Bank in the name of Michael Schuett and Jennifer Sherman;

k.  Approximately $5,000.00 in United States currency seized from the escrow account of Cape Coral Title Insurance Agency, Inc., 1307 Cape Coral Parkway E., Cape Coral, Florida 33904, held for the benefit of Michael Schuett and/or Jennifer Sherman;

l.  A 2009 Audi Q7 Vehicle, Identification Number (VIN) WA1AY74L29D023600, Florida Tag USAG24, Registered to Michael Schuett;

m.  A 2002 Porsche 911 Carrera, VIN WP0CA29962S653737, Florida Tag 379LYJ, Registered to Michael O. Schuett.

n.  Four Rolex watches, namely a stainless steel Milgauss, a Black Dial Stainless Steel Daytona model, and two Sea Dweller watches;

o.  $10,000.00 in United States currency seized from the defendant's residence on February 18, 2010; and

p.  Two women's rings, more specifically described as:

(1)  One ladies 14kt. w.g. diamond engagement ring. Ring consisting of one round brilliant Ideal cut diamond graded by EGL Laboratory as 2.00 ct. G/SI1. Diamond measures 7.93x7.89x5.01mm. cert number EGL US89246642D. Ring features 12 princess cut side diamonds graded G/SI2 color and clarity at 1.33 cts. t.w.; and

(2)  One ladies 18kt. w.g. diamond wedding band. Band consisting of 10 princess cut diamonds graded G/SI2 color and clarity at .76cts. t.w. Diamonds are channel set in 18kt. w.g.